## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**SHAQUANA UPSHAW,**

**Plaintiff,**                                    **Case No.:**

**v.**

**WAL-MART ASSOCIATES, INC.,**
**A Foreign Profit Corporation**

**Defendant.**
**_____/**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, SHAQUANA UPSHAW (hereinafter referred as "UPSHAW" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant WAL-MART ASSOCIATES, INC. (hereinafter referred as "WAL-MART" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

### NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is

seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. UPSHAW was hired by WAL-MART in June 2012.

2. Her most recent position was an Assistant Store Manager.

3. UPSHAW was employed at WAL-MART'S Ocala, Florida location.

4. By the very nature of its work, WAL-MART is a corporation that is engaged in commerce.

5. WAL-MART is engaged in an industry affecting commerce.

6. WAL-MART employs more than fifty (50) employees.

7. WAL-MART employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

8. Plaintiff is an "employee" as defined by the FMLA.

9. WAL-MART is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. Plaintiff worked for WAL-MART in Marion County, Florida.

13. WAL-MART conducts business in Marion County, Florida.

14. Venue is proper in the Ocala Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

15. Plaintiff worked for WAL-MART from approximately June 2012 to April 8, 2020.

16. Plaintiff was employed with WAL-MART for more than one (1) calendar year leading up to April 2020.

17. Plaintiff worked over 1,250 hours for WAL-MART during the year immediately preceding April 2020.

18. Upshaw suffers from a knee condition that requires multiple doctors' visits when it flares up.

19. Plaintiff's knee becomes swollen and requires draining and injections.

20. Because of this long-term condition, Upshaw qualified, and was approved for, FMLA around July 2019.

21. Upshaw's FMLA need was intermittent.

22. During her first FMLA leave, Upshaw's supervisor, Ms. Ana Marie Urban, made it clear that she was unhappy that Upshaw required FMLA.

23. Ms. Urban made comments to Upshaw about being out of work and off the schedule.

24. Ms. Urban also sent text messages to Upshaw that showed her unhappiness due to her medical condition and related FMLA.

25. Upshaw's knee flared up again at the end of 2019 which required more FMLA.

26. Upshaw went on FMLA and returned to work on or about March 28, 2020.

27. Upon her return, Upshaw was suddenly informed that she was being terminated due to poor performance.

28. The termination date was on or about April 8, 2020.

29. The Company told Upshaw that she had two poor write ups.

30. Upshaw had not received write ups.

31. After UPSHAW requested to see her write ups from HR, they came back and said that it had only been one poor write up.

32. Upshaw had never been written up even once,

33. Defendant's own HR couldn't keep its story straight on the very reason for Upshaw's termination.

34. Despite this obvious inconsistent and blatantly false story, Upshaw was fired.

35. Notably, a new manager, Mr. James Evans, terminated Upshaw.

36. The termination was based solely on information from Ms. Urban.

37. Indeed, Ms. Urban's authority and decisions resulted in Upshaw's separation from the Company.

38. Prior to using FMLA and needing medical accommodation, Upshaw had performed well and received good performance evaluations.

39. UPSHAW gave notices from his medical advisers as requested by the WAL-MART.

40. WAL-MART did not accommodate UPSHAW's medical needs.

41. UPSHAW was terminated on or about April 8, 2020.

42. Accordingly, WAL-MART's actions and comments are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

43. WAL-MART's actions interfered with Plaintiff's rights under the FMLA.

44. WAL-MART retaliated against Plaintiff for engaging in her rights under the FMLA.

### COUNT I - INTERFERENCE UNDER THE FMLA

45. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

47. WAL-MART was Plaintiff's employer as defined by the FMLA.

48. WAL-MART's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

49. As a direct, natural, proximate and foreseeable result of the actions of WAL-MART, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

50. Plaintiff has no plain, adequate or complete remedy at law for the actions of WAL-MART, which have caused and continue to cause irreparable harm.

51. WAL-MART's violations of the FMLA were willful.

52. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

   **WHEREFORE,** Plaintiff respectfully requests entry of:

   a. judgment in her favor and against WAL-MART for their interference with her rights under the FMLA;

   b. judgment in her favor and against WAL-MART for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of WAL-MART's conduct;

c.	judgment in her favor and against WAL-MART for her reasonable attorneys' fees and litigation expenses;

d.	judgment in her favor and against WAL-MART for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.	declaratory judgment that WAL-MART'S practices toward Plaintiff violate her rights under the FMLA; and

f.	an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

53.	Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 44 above as if fully set forth herein.

54.	Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

55.	WAL-MART was Plaintiff's employer as defined by the FMLA.

56.	WAL-MART discriminated and/or retaliated against Plaintiff because WAL-MART knew she was eligible for leave under the FMLA.

57.	WAL-MART discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

58.	WAL-MART had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

59. WAL-MART'S acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

60. WAL-MART'S discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

61. WAL-MART'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

62. As a direct, natural, proximate and foreseeable result of the actions of WAL-MART, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

63. Plaintiff has no plain, adequate or complete remedy at law for the actions of WAL-MART, which have caused and continue to cause irreparable harm.

64. WAL-MART'S violations of the FMLA were willful.

65. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a. judgment in her favor and against WAL-MART for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

  b. judgment in her favor and against WAL-MART for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of WAL-MART'S conduct;

  c. judgment in her favor and against WAL-MART for her reasonable attorneys' fees and litigation expenses;

  d. judgment in her favor and against WAL-MART for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  e. declaratory judgment that WAL-MART'S practices toward Plaintiff violate her rights under the FMLA; and

  f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dates this __4th__ of March, 2021.

        Respectfully submitted,
        **s/ Edward W. Wimp**
        Carlos V. Leach, Esquire
        FBN: 0540021
        Edward W. Wimp, Esquire
        FBN: 1015586
        Anthony Hall, Esquire
        FBN: 0040924

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: cleach@theleachfirm.com
Email: ewimp@theleachfirm.com
Email: ahall@theleachfirm.com